UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DOUGLAS ALAN JARVIS, #28654-004

        Petitioner,

v.                                               2:08CV230

PATRICIA R. STANSBERRY,

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

On October 9, 1991, in the United States District Court for the Eastern District of Virginia, petitioner was convicted of one count of conspiracy to traffic cocaine, seven counts of possession of cocaine with intent to distribute, and five counts of interstate travel to promote an unlawful activity. On appeal, the conspiracy conviction was vacated on double jeopardy grounds. United States v. Jarvis, 7 F.3d 404 (4th Cir. 1993). The case was remanded for resentencing, and the District Court reimposed the 262 month sentence, and on November 21, 1994, the decision was upheld by the Fourth Circuit Court of Appeals. United States v. Jarvis, 41 F.3d 1504 (4th Cir. 1994)(unpublished), 1994 WL 652696.

On March 7, 2008, while imprisoned at the Federal Correctional Institute in Petersburg, Virginia, petitioner filed a request for the Warden to move the sentencing court to reduce his sentence pursuant to

18 U.S.C. § 3582(c)(1)(A)(i). As required by § 3582(c)(1)(A)(i), petitioner stated, as "extraordinary and compelling circumstances" for release, that his sentence is "thirteen times longer than the statutory maximum permitted by the jury verdict," citing United States v. Booker, 543 U.S. 220 (2005). Petitioner alleges that the prison clinic has refused him treatment for Hepatitis C, and therefore, he seeks a reduction in his sentence in order to receive outside treatment. On March 19, 2008, the Warden determined that petitioner's request was repetitive, since he had previously filed a request for compassionate release on February 20, 2007, essentially raising the same claims. The 2007 request, and all related appeals, was denied. In denying the latest request, the Warden indicated that the decision was reached because petitioner's medical condition had been reviewed and was found to be stable and did not represent an "extraordinary or compelling circumstance." Further, petitioner's claim that Booker presented an extraordinary and compelling circumstance to warrant compassionate release was denied as unfounded. On May 19, 2008, petitioner filed a petition for a writ of habeas corpus in this Court, and on October 2, 2008, respondent filed a motion to dismiss. This matter is now ripe for consideration.

### B. Grounds Alleged

Petitioner alleges the following grounds:

1. The Warden abused her discretion by arbitrarily and capriciously denying petitioner's request for compassionate release; and

2. The denial of petitioner's request was based on his supposedly unconstitutionally enhanced sentence, erroneous findings that his medical condition is stable, and an inaccurate presentence report.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

## B. Jurisdiction

Petitioner alleges that the Court has jurisdiction to review the Warden's decision under the Administrative Procedure Act (APA), 5 U.S.C. § 706. However, 18 U.S.C. § 3582(c)(1)(A)(i) gives broad discretion to the Bureau of Prisons (BOP) in its decision to seek a sentence reduction on behalf of a prisoner. The statute provides that the "court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the court, upon motion of the Director of the [BOP], may reduce the term of imprisonment . . . ,if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). There are no limits on the

3

BOP's authority in its decision to seek or not seek a sentence reduction on behalf of a prisoner, nor are there any indications that any particular circumstances amount to an "extraordinary and compelling reason," necessitating the BOP to petition the court.

Three circuits have found that based on the broad discretion granted to the BOP, its decision to move the court for a sentence reduction based on compassionate release is not judicially reviewable. The Eleventh, Ninth, and Seventh Circuits have held that 18 U.S.C. § 4205(g), the predecessor to § 3582(c)(1)(A), gave the BOP unreviewable discretion in its decisions to move a court for a sentence reduction and that there was no constitutional or statutory right to challenge the BOP's decision. See Fernandez v. United States, 941 F.2d 1488, 1493 (11th Cir. 1991); Simmons v. Christensen, 894 F.2d 1041, 1042-43 (9th Cir. 1990); Turner v. U.S. Parole Com'n, 810 F.2d 612, 615 (7th Cir. 1987). The predecessor statute read: "[a]t any time upon motion of the [BOP], the court may reduce any minimum term to the time the defendant has served." Id. In 1997, the statute was repealed but remains applicable to prisoners sentenced before the repeal. The sentence reduction provision was then incorporated into 18 U.S.C. § 3582(c)(1)(A). However, the pertinent language is the same: the BOP has discretion. Additionally, the District Court of Minnesota, citing cases from the Eleventh, Ninth, and Seventh Circuits who viewed § 4205(g) as persuasive, held that the BOP's decision under § 3582(c)(1)(A)(i) is not reviewable. Gutierrez v. Anderson, No. 06-1714, 2006 WL 3086892, at *2, 4 (D. Minn., Oct. 30, 2006) (unpublished).

To date, the Fourth Circuit has not ruled on the issue. If the Court has jurisdiction to review the Warden's decision to deny petitioner's request for compassionate release, the APA requires the Court to "hold unlawful and set aside agency action, findings and

conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The Court finds that the Warden's decision to deny petitioner's request was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Procedures for the implementation of 18 U.S.C. § 3582(c)(1)(A) are set forth in 28 C.F.R. §§ 571.60 through 571.64, and according to those procedures, the Court finds that the Warden followed proper procedure when she denied petitioner's request. Petitioner was provided with written notice, which specifically stated the reasons for the denial, and he was given the opportunity to appeal through the Administrative Remedy Procedure, which he did.

It is the BOP's policy to move a court only in "particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." 28 C.F.R. § 571.60. However, petitioner's reasons for seeking compassionate release are not particularly extraordinary or compelling. Petitioner's contention that his sentence is unconstitutionally long based on Booker and, therefore, amounts to a compelling reason for relief, is not supported. Instead the Fourth Circuit held in United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), that Booker is not retroactively applicable to federal prisoners seeking post-conviction relief whose sentences became final prior to that holding. The BOP rejected the holding in Booker as representing a compelling circumstance and indicated so in the numerous denials of petitioner's appeals.

More importantly, on August 18, 2008, petitioner was released to serve the remainder of his sentence at home. Therefore, his argument that his medical condition and the lack of treatment by the prison entitles him to compassionate release is MOOT. Petitioner is now free

5

to seek treatment for his condition. However, even if he remained in custody, his medical condition would not be sufficient to justify compassionate release. The BOP "'generally restricts' the application of 18 U.S.C. § 3582(c)(1)(A)(i) to inmates who have been diagnosed with medical conditions that are terminal within one year or who suffer from severely debilitating and irreversible conditions that render them unable to provide self care." See Williams v. Van Buren, 117 Fed. App. 985, 987 (5th Cir. 2004). Petitioner's medical condition does not meet this criteria. There is nothing arbitrary or capricious about the Warden following BOP guidelines and general procedure in rejecting petitioner's request for compassionate release.

Finally, petitioner claims that the Warden's denial of his request was based on erroneous information in his presentence report and that the use of the information amounts to an abuse of discretion. Petitioner's request for correction of his presentence report was submitted to the United States Probation Office. The Probation Office provided a written response to petitioner's request, noting that certain errors had already been corrected and that the remaining claims had not been substantiated. Therefore, any reliance by the Warden on information contained in the presentence report, which the Probation Office deemed not to be erroneous, in no way represents an abuse of discretion or a compelling or extraordinary reason for compassionate release. Petitioner's claims are without merit and should be DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that the petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of

appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
James E. Bradberry
United States Magistrate Judge

Norfolk, Virginia

October 30, 2008

## Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to each of the following:

Douglas Alan Jarvis
1601 Longdale Drive
Norfolk, VA 23510

George M. Kelley, III, Esq.
Assistant United States Attorney
World Trade Center, Suite 8000
101 West Main Street
Norfolk, VA 23510

Fernando Galindo, Clerk

By _____
Deputy Clerk

_____October 31_____, 2008